**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**RODNEY ALLEN SNYDER,**

      Plaintiff,

      v.

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

CASE NO. 3:25 CV 1219

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND
ORDER**

### INTRODUCTION

Plaintiff Rodney Allen Snyder seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge James E. Grimes, Jr. for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(1). Judge Grimes recommends this Court affirm the Commissioner's final decision. (Doc. 15). Plaintiff filed objections to the R&R (Doc. 16), and the Commissioner filed a response thereto (Doc. 17). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in August 2022, alleging a disability onset date of July 14, 2022. *See* Tr. 203-19. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on May 20, 2024, finding Plaintiff not disabled. (Tr. 17-30). This appeal ultimately followed. (Doc. 1).

Plaintiff originally raised numerous interrelated arguments regarding the ALJ's decision. He argued the ALJ's residual functional capacity ("RFC") was not supported by substantial

evidence, the ALJ erred in her evaluation of medical opinion evidence and prior administrative medical findings, the ALJ did not properly evaluate Plaintiff's subjective allegations pursuant to relevant regulations, and the ALJ's reliance on Plaintiff's "improvement" was not supported. *See* Doc. 11.

In his R&R, Judge Grimes concluded: (1) the ALJ did not err in relying on the absence of records after September 2023 and the finding that Plaintiff improved after surgery is supported by substantial evidence; (2) the ALJ did not fail to build an accurate and logical bridge regarding Plaintiff's ability to stand and walk and his off-task behavior; (3) the ALJ's RFC is supported by substantial evidence; and (4) there was no error in the ALJ's evaluation of the opinion evidence or Plaintiff's symptoms. *See* Doc. 12, at 15-28. He recommends the Court affirm the Commissioner's decision. *See id.*

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days after being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r*

2

*of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### DISCUSSION[1]

Plaintiff raises two numbered objections to the R&R. (Doc. 16). First, he argues the RFC is not supported by substantial evidence, challenging numerous subparts of the Magistrate Judge's reasoning finding no error in the ALJ's decision-making. *Id.* at 2-8. Second, he contends the Magistrate Judge incorrectly found the ALJ's reliance on improvement supported "when the most recent treatment note does not support improvement." *Id.* at 8. The Commissioner first responds that Plaintiff "reiterates the very same argument made in his merits brief regarding the ALJ's purported failure when assessing the [RFC] and finding medical improvement after his surgery." (Doc. 17, at 1). The Commissioner also provides some substantive responses to Plaintiff's multi-part objections. *See id.* at 1-4.

RFC Objections

Plaintiff's first objection directed at the ALJ's RFC determination is multi-pronged. He first contends the R&R's reasoning "is contradictory." (Doc. 16, at 2). Specifically, he asserts there is a contradiction between (1) the R&R's observation that his argument regarding standing and walking and off-task behavior limitations "is untethered to any opinion evidence," (Doc. 15, at 20), and (2) the R&R's later determination that the ALJ did not have to rely on a medical opinion

---

1. Neither party objects to Judge Grimes's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which Judge Grimes thoroughly summarized.

when rejecting greater limitations opined by Dr. Onamusi. *See* Dc. 16, at 2-3. But the R&R simply explained the articulation requirements of the regulations:

> While [it is] true that an ALJ must explain, for instance, why she would reject certain limitations that may have been offered in a medical opinion, *see* 20 C.F.R. § 416.920c(a), Snyder's argument here is untethered to any opinion evidence. No medical provider opined that Snyder could stand and walk for less than four hours a day or would exhibit off-task behavior. Simply put, Snyder attempts to create a new articulation requirement.

(Doc. 15, at 20-21). Plaintiff contends that "[i]t is unclear from Judge Grimes's reasoning whether an opinion is required to support abilities and limitations contained in the RFC" and "[t]his supports a double standard where Plaintiff cannot allege greater limitations in the absence of a medical opinion, but the ALJ can make any finding in the absence of a medical opinion." (Doc. 16, at 3). But nothing in the R&R suggests Plaintiff cannot allege greater limitations without a supporting medical opinion. It is the ALJ's duty to consider the evidence as a whole and formulate the RFC. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). And that RFC must be supported by substantial evidence. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008). The R&R simply explained regulatory articulation requirements. The Court finds Plaintiff has not demonstrated error.

Second, Plaintiff argues the Magistrate Judge erred in his evaluation of Dr. Onamusi's opinion. (Doc. 16, at 3-5). Within this objection, Plaintiff specifically objects that the Magistrate Judge "fault[ed] Plaintiff's citation to *Nichols* to support his original argument," contending "*Nichols* is not the only case supporting Plaintiff's argument." (Doc. 16, at 4). The Magistrate Judge referenced *Nichols* in the following footnote:

> Indeed, the report and recommendation that Snyder extensively cites for his "playing doctor" argument was rejected by the district court *before Snyder filed his brief*. Doc. 11, at 23 (citing *Nichols v. Comm'r of Soc. Sec.*, No. 1:23-cv-2063, 2024

4

WL 3387289 (N.D. Ohio June 21, 2024), *report and recommendation rejected*, 2025 WL 2029765 (N.D. Ohio July 21, 2025).

(Doc. 15, at 23 n.7). The Magistrate Judge's point on the citation was a simple one: Plaintiff should not have cited and relied upon a rejected R&R. The Court finds Plaintiff has not demonstrated any error in this regard. To the extent Plaintiff reiterates his general argument that the ALJ "played doctor" when evaluating Dr. Onamusi's opinion, the R&R correctly addressed that argument, finding the ALJ did not interpret raw medical data and instead performed her duty to evaluate and weigh the evidence when formulating the RFC. *See* Doc. 15, at 22-23 (citing *Coldiron*, 391 F. App'x at 439, for the proposition that "[a]n ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding"); *see also Poe*, 342 F. App'x at157 ("The responsibility for determining a claimant's [RFC] rests with the ALJ, not a physician."). The Court overrules Plaintiff's objection in this regard.

Third, Plaintiff argues generally that "the ALJ is required to do more than summarize the evidence in the record when making [her] findings." (Doc. 16, at 5). He contends the Magistrate Judge did no more than cite the ALJ's summaries when finding the ALJ's determinations regarding standing and walking, off-task behavior, and arm/hand restrictions were supported by substantial evidence. *See id.* at 5-8; *id.*at 6 ("The ALJ's summation of evidence followed by the restatement of the RFC finding is [not] sufficient to support the very specific abilities and limitations contained in the RFC finding."); *id.* at 8 ("[T]he generalization does not explain how the individual functional abilities, such as the ability to stand, walk, sit, lift, carry, reach, handle, finger, feel, or stay on task result from the record."). He repeats the argument he made to the Magistrate Judge that the ALJ's reasoning fails to "build an accurate and logical bridge between the evidence and the result." Doc. 16, at 7 (quoting *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011))). This argument is in large part a regurgitation of the argument Plaintiff presented to the Magistrate Judge. *See* Doc.

5

11, at 15-23. However, upon *de novo* review, the Court agrees with the well-reasoned R&R that the ALJ's RFC was supported by substantial evidence and that the ALJ adequately explained and supported her reasoning as to each limitation. *See* Doc. 15, at 21-28.

Improvement

In his second numbered objection, Plaintiff contends "neither the ALJ nor Judge Grimes cite evidence supporting improvement as of or after the most recent treatment note from September 26, 2023. (Doc. 16, at 9).

> As the R&R explained:
>
> To recap: Snyder had cervical spine surgery in early August 2023; reported and showed improvement at the two-week follow-up appointment; and in late September complained to his primary care provider that he experienced back pain. Tr. 25, 762, 947, 959. After discussing the evidence in the record, Tr. 23-25, the ALJ evaluated Snyder's reports of symptoms and concluded that they were not entirely consistent with the evidence. Tr. 25.

(Doc. 15, at 15).

As he did to the Magistrate Judge, Plaintiff argues the most recent treatment note in the record indicates Plaintiff reported continued back pain. *See* Doc. 16, at 9-10. However, as the R&R set forth, the ALJ evaluated the evidence as a whole, including this record, in determining the RFC, finding Plaintiff's subjective reports not entirely supported. (Doc. 15, at 15-16) (quoting Tr. 26). As the Commissioner points out, "Plaintiff seems to think that his reports of back pain and tenderness were evidence that he did not improve after surgery." (Doc. 17, at 3).

Substantial evidence, specifically Plaintiff's cervical spine surgery and subsequent improvement (in the form of subjectively-reported improvement in neck pain and upper extremity radiculopathy *and* objective findings of full strength) support the ALJ's reliance on improvement. *See* Tr. 947 (August 17, 2023, post-surgical record noting Plaintiff was "neurologically intact with the relief of upper extremity radiculopathy" with "full strength including a 5 out of 5 handgrip,

resisted wrist extension, elbow flexion and extension strength testing bilateral"). A later September 26, 2023, treatment note stated Plaintiff felt his "[b]ack pain feels unchanged since surgery" and that he had cervical, thoracic, and lumbar spine tenderness on examination. (Tr. 959). But the Court agrees with the R&R that "[t]hese findings don't undercut the initial post-surgical findings showing that Snyder's radiculopathy symptoms improved and that he regained full strength in his upper extremities." (Doc. 15, at 16-17). And the Court agrees with the R&R that the August 2023 record provides substantial evidence for the ALJ's determination that Plaintiff's cervical spine impairment improved after surgery. *See Fox v. Comm'r of Soc. Sec.*, 827 F. App'x 531, 534 (6th Cir. 2020) ("The substantial evidence standard, while requiring 'more than a mere scintilla' of evidence, is not a high bar; substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)); *see also Stewart v. Comm'r of Soc. Sec.*, 811 F. App'x 349, 356 (6th Cir. 2020) ("This case is like many others under the deferential substantial-evidence standard. While the evidence could support the opposite result, it supports the result that the administrative law judge reached. We thus have no legal basis to overturn it.") (citation modified).

Plaintiff further objects to the Magistrate Judge's reference to waiver: "[i]t is further unclear how '[Plaintiff] has waived any argument related to the absence of post-September 2023 records and the conclusion that the ALJ drew from it.'" (Doc. 16, at 10) (quoting Doc. 15, at 17). But the ALJ here found "[a]fter the fall of 2023, no other *objective* medical evidence appears in the medical record to corroborate the claimant's testimony that his neck surgery was only temporarily effective in managing his pain and weakness." (Tr. 26) (emphasis added). As set forth in the R&R, the ALJ and Plaintiff's counsel discussed whether there were additional relevant records. Plaintiff's counsel declined the invitation to hold the record open for additional records to

be submitted and agreed there was no additional material evidence to submit. (Doc. 15, at 17-20) (citing Tr. 39-40). It is Plaintiff's burden to prove disability. *See* 20 C.F.R. § 404.912(a). The ALJ's determination he failed to provide record evidence corroborating his subjective reports that his surgery did not result in improvement is supported by substantial evidence and the ALJ did not err in relying on the absence of records in this instance.

Plaintiff's second numbered objection is overruled.

**CONCLUSION**

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Grimes's R&R (Doc. 15) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE

Dated: May 29, 2026